**11 CIV 7076**

**ANDREW M. CALAMARI**
**ASSOCIATE REGIONAL DIRECTOR**
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Room 400
New York, New York 10281
(212) 336-0523 (Birnbaum)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

  -against-

MURDOCH SECURITY & INVESTIGATIONS,
INC., ROBERT GOLDSTEIN, and
WILLIAM VASSELL,

        Defendants.
-------------------------------------------------------------x

11 Civ.    (   )



## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint against the Defendants Murdoch Security & Investigations, Inc. ("MSI" or the "Company"), Robert Goldstein and William Vassell, alleges:

## SUMMARY OF ALLEGATIONS

1. This case involves the illegal sale of unregistered MSI securities promising investors repayment of principal plus 22 percent interest per year ("Notes"). MSI advertised the 22% Notes in the *Wall Street Journal, Barron's* and *Investor's Business Daily* from at least October 2010 through approximately August 2011 and raised more than $1 million through sale of the Notes.

2. MSI never filed a registration statement with the Commission relating to the Notes.

3. Defendant Vassell, MSI's Chief Executive Officer, and Defendant Goldstein, MSI's Senior Vice President, orchestrated MSI's Offering. Vassell personally authorized the offer and sale of the 22% Notes, and he and Goldstein both communicated with investors and potential investors about the Notes. Indeed, MSI's *Wall Street Journal* advertisement specifically instructed interested investors to contact Vassell (and provided a phone number to do so), and Vassell pitched the Notes to callers before referring prospects to Goldstein to close the deals.

4. Goldstein, in turn, provided investors with a wide array of false and otherwise misleading information in an effort to sell the 22% Notes. Speaking for MSI, as one of the Company's only two senior officers, Goldstein made numerous statements of material facts to potential and actual investors that he knew, or was reckless in not knowing, were false at the time he made those statements. Goldstein also omitted information necessary to prevent his affirmative statements from being misleading. Among Goldstein's – and, by imputation, MSI's – misrepresentations were false statements about the Company's revenues, existing assets and overseas operations.

## SECURITIES LAWS VIOLATIONS

5. By virtue of the conduct alleged herein:

    a. Each Defendant violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) & (c)], which prohibit the use of the mails or other interstate means to offer or sell unregistered securities absent an available exemption from registration; and

    b. Defendants Goldstein and MSI violated Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

6. The Commission brings this action pursuant to the authority conferred upon it by Section 20(b) of the Securities Act, 15 US.C. § 77t(b), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), seeking a final judgment: (a) restraining and permanently enjoining Defendants from engaging in the acts, practices, and courses of business alleged herein; (b) requiring Defendants, on a joint and several basis, to disgorge the ill-gotten gains they received, if any, as a result of their violations, and to pay prejudgment interest thereon; and (c) imposing civil monetary penalties upon Defendants pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action an conferred by Sections 20(b), 20(d) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d) and 77v(a)] and by Sections 21(d), 21(e) and 27 of the Exchange Act [15 U.S.C. § 78u(d), 78u(e) and 78aa].

8. Venue is proper in the Southern District of New York pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa]. Defendants sold the Notes out of MSI's Bronx, New York office, and Goldstein resides in New York, New York.

9. Each of the Defendants, directly or indirectly, made use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer and sell the unregistered securities as alleged herein.

## DEFENDANTS

10. **Murdoch Security & Investigations, Inc.** is a New York corporation with its principal place of business in the Bronx, New York. Murdoch operates a security business – i.e., protective services, not financial products – and is branded as a "Murdoch Security Group" company. Murdoch Security Group, which maintains a principal place of business in Connecticut, is neither registered nor incorporated but serves as a branding vehicle for MSI and certain other security companies. Neither MSI nor any affiliated entity is registered with the Commission in any capacity.

11. **Robert L. Goldstein**, age 73, resides in New York, New York and is Senior Vice President of MSI. Goldstein was the primary salesperson interacting with investors concerning potential investments in Murdoch Security & Investigations, Inc.

12. **William C. Vassell**, age 53, resides in Connecticut and is MSI's Chief Executive Officer.

## FACTS

13. From about October 2010 until August 2011, Defendants sold notes promising a return of principal plus 22 percent annual interest, almost always for a term of five years, to

4

investors throughout the United States. Through the sale of these 22% Notes, Defendants raised at least $1,085,000 from sales of more than 20 notes ranging from $8,000 to $150,000.

14. No registration statement was filed or in effect as to the 22% Notes, and the securities were not registered under the laws of any state.

15. The securities sold were marketed through, among other means, a general solicitation published in the *Wall Street Journal, Barron's* and *Investor's Business Daily*. Those advertisements offered notes of "5 year term, 22% interest" for investors willing to contribute "working capital for purchase of U.S. based Security Companies."

16. Goldstein and Vassell both played central roles in the Offering. The Offering, including the promised interest rate, was Vassell's idea, which he authorized as MSI's CEO. Vassell also authorized the placement of the advertisements for the Notes, spoke directly to potential and actual investors, and generated a written memorandum about the Offering that was shared with various investors.

17. Goldstein also communicated directly with potential and actual investors – both in and outside of New York – about the 22% Notes, speaking with them about the Company and the Notes themselves and sending them information by email and regular mail.

### Additional Fraud-Related Allegations

18. Acting on MSI's behalf, Goldstein misrepresented numerous material facts to potential investors in late 2010 through at least July 2011 concerning MSI's existing business, assets and revenues and future business plans. Specifically, Goldstein's misrepresentations included claims:

   a. of greatly inflated revenues for 2010, including millions of dollars of revenues from Mexican operations in 2010, with projections for future increases in revenues from those claimed operations;

   b. that $4 million – a figure Goldstein discussed with at least one investor in the context of describing the Company's "explosive" growth potential – "is an infinitesimal part of [MSI's] assets"; and

   c. that MSI's "anti-piracy" and "anti-terror" business was "probably one of the largest … on the high seas" in 2011, and that such business, including in Somalia and Yemen, was expected to yield $100 million to $300 million in revenue for MSI in subsequent years.

   19. Goldstein knew, or recklessly disregarded, that these statements were false. In fact, MSI's internal documents reflect revenues that did not approach the numbers conveyed to potential investors; its *total* assets according to those documents were approximately $4 million, and it had no overseas operations whatsoever, let alone significant revenues from Mexico or a major presence "on the high seas."

   20. The plan Goldstein outlined for investors, in explaining how MSI could afford to offer such high yields on the 22% Notes, focused on what Goldstein described as MSI's expectation to purchase six or seven security companies to fuel increased revenues. Contrary to this supposed plan, MSI not only failed to purchase any security companies with the money obtained from investors in the Notes; nearly all of the money raised from those investors was spent to fund Goldstein's and Vassell's salaries, fund the payments on the Notes themselves, and pay for various other of MSI's ongoing claimed expenses.

21. Goldstein omitted to inform investors that MSI and its subsidiaries were, according to internal financial documents, operating at a loss in 2011 or that revenues were down more than 20% from 2009 to 2010. These omissions, made knowingly and recklessly, were particularly significant in the context of representations to potential investors concerning improved business prospects.

22. Goldstein, as one of only two senior executives at MSI, was authorized to speak for the Company at the time he marketed and sold the Notes to investors.

### FIRST CLAIM FOR RELIEF
### Violations of Sections 5(a) and 5(c) of the Securities Act
### (Against MSI, Goldstein and Vassell)

23. Paragraphs 1 through 22 are incorporated by reference as if set forth fully herein.

24. Defendants MSI, Goldstein and Vassell, directly and indirectly, singly and in concert with others, made use of the means or instruments of transportation or communication in interstate commerce, or of the mails, to offer and sell securities through the use or medium of a prospectus or otherwise, or carried or caused to be carried through the mails or in interstate commerce, by any means or instruments of transportation, securities for the purpose of sale or for delivery after sale, when no registration statement had been filed or was in effect as to such securities and when no exemption from registration was applicable.

25. By reason of the foregoing, Defendants MSI, Goldstein and Vassell have violated, and unless enjoined will again violate, Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) & (c)].

## SECOND CLAIM FOR RELIEF
### Violations of Section 17(a) of the Securities Act
### (Against MSI and Goldstein)

26. Paragraphs 1 through 22 are realleged and incorporated by reference as if fully set forth herein.

27. MSI and Goldstein, directly or indirectly, singly or in concert with others, in the offer and sale of securities, by use of the means and instruments of transportation and communication in interstate commerce and by use of the mails, knowingly or recklessly, have: (a) employed devices, schemes or artifices to defraud; (b) obtained money or property by means of untrue statements of material fact or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or (c) engaged in transactions, practices or courses of business which operate or would operate as a fraud or deceit upon the purchaser.

28. By reason of the foregoing, MSI and Goldstein have violated, and unless enjoined will again violate, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## THIRD CLAIM FOR RELIEF
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder
### (Against MSI and Goldstein)

29. Paragraphs 1 through 22 are realleged and incorporated by reference as if fully set forth herein.

30. MSI and Goldstein, directly or indirectly, singly or in concert, by use of the means or instrumentalities of interstate commerce, or by the use of the mails, or of the facilities of a national securities exchange, in connection with the purchase or sale of securities, knowingly or recklessly, have: (a) employed devices, schemes and artifices to defraud; (b) made untrue statements of material facts and omitted to state material facts necessary in order to make

statements made, in the light of the circumstances under which they were made, not misleading; and/or (c) engaged in acts, practices and courses of business which operated or would have operated as a fraud or deceit upon purchasers of securities and upon other persons.

31. By reason of the foregoing, MSI and Goldstein, singly or in concert, directly or indirectly, have violated, and unless enjoined will again violate, Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court enter a final judgment against Defendants MSI, Goldstein and Vassell, granting the following relief:

**I.**

Permanently restraining and enjoining each of the Defendants MSI, Goldstein and Vassell from any future violations of Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) & (c)], and Defendants MSI and Goldstein from any future violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

**III.**

Directing each of the Defendants MSI, Goldstein and Vassell to disgorge all ill-gotten gains with prejudgment interest thereon.

**IV.**

Directing each of the Defendants MSI, Goldstein and Vassell to pay civil money penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. 78u(d)(3)].

V.

Granting such other and further relief as this Court deems just and appropriate.

Dated: New York, New York
       October 7, 2011

SECURITIES AND EXCHANGE COMMISSION

By: _____

Andrew M. Calamari
Associate Regional Director
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
3 World Financial Center
New York, New York 10281-1022
(212) 336-0023/ BirnbaumM@sec.gov (Birnbaum)

Of Counsel:
Michael Paley
Michael Birnbaum