Michael J. Bowe (mbowe@kasowitz.com)
Michael P. Bowen (mbowen@kasowitz.com)
Jennifer S. Recine (jrecine@kasowitz.com)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Defendants Murdoch Security & Investigations Inc.,
and William Vassell*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SECURITES AND EXCHANGE COMMISSION,    :    11-CIV-7076-JGK

        Plaintiff,    :    **ANSWER**

        v.    :

MURDOCH SECURITY & INVESTIGATIONS,    :
INC., ROBERT GOLDSTEIN, AND WILLIAM    :
VASSELL    :
        Defendants.    :

------------------------------------------------------------x

Defendants, MURDOCH SECURITY & INVESTIGATIONS, INC. ("MSI") and WILLIAM VASSELL ("Mr. Vassell") (collectively "MSI Defendants"), by and through their attorneys, Kasowitz, Benson, Torres & Friedman LLP, as and for their answer to the complaint of plaintiff, SECURTIES AND EXCHANGE COMMISSION (the "Commission"), alleges, upon information and belief, as follows:

1. Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "1" of the complaint, except admit that MSI advertised in the *Wall Street Journal, Barron's* and *Investor's Business Daily* and respectfully refer the Court to said advertisements, which speak for themselves.

2. Admit the allegations contained in paragraph "2" of the complaint, except deny that registration was required.

3. Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "3" of the complaint, except admit that William Vassell is MSI's Chief Executive Officer, Robert Goldstein is MSI's Senior Vice President, and MSI advertised in the *Wall Street Journal* and respectfully refer the Court to said advertisement, which speaks for itself.

4. Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "4" of the complaint.

5. Paragraph "5" of the complaint purports to state legal conclusions, as to which no response is required. To the extent any response is required, the MSI Defendants deny the allegations contained in paragraph "5" of the complaint and deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations referring to Robert Goldstein.

6. Paragraph "6" of the complaint purports to state legal conclusions, as to which no response is required. To the extent that any response is required, the MSI Defendants deny the allegations of paragraph "6" of the complaint.

7. Paragraph "7" of the complaint purports to state legal conclusions, as to which no response is required. To the extent that any response is required, the MSI Defendants deny the allegations of paragraph "7" of the complaint.

8. Paragraph "8" of the complaint purports to state legal conclusions, as to which no response is required. To the extent that any response is required, the MSI Defendants deny

knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations referring to Robert Goldstein, deny any other allegations in this paragraph, except admit that MSI has an office in the Bronx, New York.

9. Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "9" of the complaint.

10. Admit the allegations contained in paragraph "10" of the complaint, except deny that the principal place of business of MSI is in the Bronx, New York.

11. Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "11" of the complaint, except admit that Robert L. Goldstein is Senior Vice President of MSI.

12. Admit the allegations contained in paragraph "12" of the complaint.

13. Admit that Defendants sold notes yielding 22 percent annual interest and that Defendants raised money from the sale of those notes, but otherwise deny the allegations contained in paragraph "13" of the complaint.

14. Admit the allegations contained in paragraph "14" of the complaint, except deny that registration was required.

15. Admit that MSI advertised in the *Wall Street Journal, Barron's* and *Investor's Business Daily*, but otherwise deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "15" of the complaint.

16. Admit that Vassell is MSI's CEO, that MSI advertised in the *Wall Street Journal, Barron's* and *Investor's Business Daily*, that Vassell and others at MSI prepared a private placement memorandum that was provided to certain accredited investors and potential

investors, and that Vassell communicated with certain investors and potential investors and lenders concerning MSI, but otherwise deny the allegations contained in paragraph "16" of the complaint.

17. Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "17" of the complaint.

18. Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "18" of the complaint.

19. Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "19" of the complaint.

20. Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "20" of the complaint.

21. Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "21" of the complaint.

22. Deny knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph "22" of the complaint.

23. In response to paragraph "23" of the complaint, the MSI Defendants repeat and incorporate by reference their responses to paragraphs "1-22" as fully set forth here.

24. Paragraph "24" of the complaint purports to state legal conclusions, as to which no response is required. To the extent that any response is required, the MSI Defendants deny the allegations of paragraph "24" of the complaint.

25. Paragraph "25" of the complaint purports to state legal conclusions, as to which no response is required. To the extent that any response is required, the MSI Defendants deny the allegations of paragraph "25" of the complaint.

26. In response to paragraph "26" of the complaint, the MSI Defendants repeat and incorporate by reference their responses to paragraphs "1-22" as fully set forth here.

27. Paragraph "27" of the complaint purports to state legal conclusions, as to which no response is required. To the extent that any response is required, the MSI Defendants deny the allegations of paragraph "27" of the complaint.

28. Paragraph "28" of the complaint purports to state legal conclusions, as to which no response is required. To the extent that any response is required, the MSI Defendants deny the allegations of paragraph "28" of the complaint.

29. In response to paragraph "29" of the complaint, the MSI Defendants repeat and incorporate by reference their responses to paragraphs "1-22" as fully set forth here.

30. Paragraph "30" of the complaint purports to state legal conclusions, as to which no response is required. To the extent that any response is required, the MSI Defendants deny the allegations of paragraph "30" of the complaint.

31. Paragraph "31" of the complaint purports to state legal conclusions, as to which no response is required. To the extent that any response is required, the MSI Defendants deny the allegations of paragraph "31" of the complaint.

32. Any allegations made in the complaint that are not specifically admitted are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants allege the following separate and affirmative defenses to the complaint, and in so doing, do not assume the burden to establish any fact or proposition necessary to that affirmative defense where that burden is properly imposed on the Commission:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. The complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. The complaint fails to plead fraud with particularity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. The complaint fails to allege that MSI acted with the requisite scienter or mental state that is necessary under the circumstances for it to be held liable.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. The purported claims against the MSI Defendants and allegations upon which they are based are improperly vague, ambiguous and confusing, and omit critical facts.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37. The MSI Defendants cannot be held liable for any misrepresentations or omissions that they did not make.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38. The MSI Defendants lack knowledge or information at this time sufficient to form a belief as to whether they may have additional and as yet unstated defenses. The MSI Defendants reserve the right to assert additional defenses.

**WHEREFORE**, the MSI Defendants, MURDOCH SECURITY & INVESTIGATIONS, INC. and WILLIAM VASSELL, pray that this Court deny any relief or request for judgment on behalf of the Commission, and dismiss this action against the MSI Defendants in its entirety, with prejudice. The MSI Defendants pray for such other and further relief as may be appropriate, or that the Court deems just and proper.

Dated: New York, New York
November 28, 2011

                KASOWITZ, BENSON, TORRES
                & FRIEDMAN LLP

                By:  /s Michael P. Bowen
                    Michael J. Bowe, Esq.
                    Michael P. Bowen, Esq.
                    Jennifer S. Recine, Esq.
                    1633 Broadway
                    New York, New York 10019
                    Telephone: (212) 506-1700

                    *Attorneys for Defendants Murdoch Security &*
                    *Investigations Inc., and William Vassell*