Rev. 9/03



# MARINE NOTE AND SECURITY AGREEMENT

Date of Agreement: November 21, 2003         Originator Number:

Borrower: William C. Vassell          148 Edward Place, Stamford CT 06905
(Print Full Name and Address of Principal Residence)

Borrower: _____
(Print Full Name and Address of Principal Residence)

Lender: Citizens Bank of Rhode Island, 480 Jefferson Boulevard, Warwick, RI 02886

## Truth in Lending Disclosure Statement

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total of Payments The amount I will have paid after I have made all scheduled payments. |
|---|---|---|---|
| 5.12 % | $ 141,279.20 | $ 325,000.00 | $ 466,279.20 |

Payment Schedule: My payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 180 | $2,590.44 | December 21, 2003 |
|  |  |  |

**Insurance:** I may obtain property insurance from anyone I want that is acceptable to you.
**Prepayment:** If I pay off this loan early, I will not have to pay a penalty.
**Security:** I am giving you a security interest in the property being purchased or, if the following box is checked, [X] in the watercraft being refinanced.
**Late Charges:** If a payment is not made within 10 days of the date it is due, I will be charged a late charge in the amount equal to 5% of the unpaid amount of the payment, but not more than $10.
**Assumption:** Someone who buys the property securing this loan from me may not assume this obligation upon the existing terms and conditions.
**Other Terms:** I should read the remainder of this Agreement for additional information on security interests, nonpayment, default and your right to require repayment in full before the scheduled maturity date.

## Itemization of Amount Financed

Itemization of Amount Financed of $ 325,000.00
  $ 0.00 _____ Amount given to me directly
  $ 0.00 _____ Amount paid on my account
Amount paid to others on my behalf (you may receive or retain a portion of these charges except for those paid to public officials):
  $ 0.00 _____ to public officials for recording your security interest
  $ 325,000.00 ____ to Deutsche Financial Services    for payoff lienholder
  $ 0.00 _____ to _____ for _____
  $ 0.00 _____ to _____ for _____

1. **Promise to Pay.** I ("Borrower", "I", "me" or "my") promise to pay U.S. $ 325,000.00 (the "Principal"), plus interest, to the order of Citizens Bank of Rhode Island ("Lender", "you", or "your").

2. **Interest.** Interest will be charged beginning on the date of this Agreement, unless a rescission period is required, in which case interest will begin to be charged on the next business day following the date on which the rescission period expires. Thereafter, interest will continue to accrue on the unpaid Principal until the amount I owe you has been paid.

3. **Payments.** I promise to pay principal and interest payments on the due dates shown on the schedule above. This payment schedule assumes that I will pay all amounts when due. Because interest accrues daily on the unpaid principal balance, the amount

of the last payment may decrease or increase if I pay early or late. My monthly payments will be applied first to interest, then to principal and finally to any other outstanding charges. If, on the final payment date shown on the payment schedule above (the "Maturity Date"), I still owe amounts under this Agreement, I will pay those amounts in full on the Maturity Date. I will make my monthly payments to you at Citizens Bank of Rhode Island, P.O. Box M, Providence, R.I. 02901-1683, or other such location as you shall designate.

4. **Right to Prepay.** I may make a full prepayment or a partial prepayment at any time without paying any penalty. If I make a partial prepayment, and do not provide written instructions on how to apply the excess over the current payment, you may, at your discretion, advance the due date for my next month payment in accordance with the amount of the prepayment or apply the amount of the prepayment to principal.

5. **Other Charges.** If you have not received the full amount of my monthly payment within 10 days of the date it is due, I will pay you a late charge in the amount equal to 5% of the unpaid amount of the payment, but not more than $10. I will pay this late charge only once on any late payment. To the extent you actually incur any expense, tax, or charge paid to a government agency, I shall pay you such expenses. The total amount of these expenses as shown on page 1 in the Itemization of Amount Financed. I agree to pay you a fee of $20 for any check or any other form of payment I give you that is dishonored or returned to you unpaid for any reason.

6. **Security Interest.** In order to secure repayment of this loan and the performance of my other obligations under this Agreement, I hereby grant you a security interest in the following property (collectively, the "Boat"):

| DESCRIPTION OF BOAT | | | |
|---|---|---|---|
| Manufacturer: Maxum Marine | Model/Length: 4600 LTD Edition/427 | HIN: MXYA05Y2J001 | O.N.: 1124742 |
| Year Built: 2000 | Vessel Name: Katrina II | Summer Mooring: Stamford, CT | Winter Storage: |

[X] ENGINE(S): Year: 2001, Manufacturer: Cummins____, Gas [ ] Diesel [X], H.P., 450____, I.D. No: 46030198____

Year: 2001, Manufacturer: Cummins____, Gas [ ] Diesel [X], H.P., 450____, I.D. No: 46030207____

[ ] TRAILER: Year____, Mfg.:____, Model/Type____, ID. No:____

and other attachments and accessories, now forming part of the Boat or used in or on the Boat or which may become part of the Boat in the future, whether or not removed from the Boat. I also grant you a security interest in all insurance proceeds and returned premiums pertaining to the Boat. This Agreement shall not cover any items added to the Boat more than 10 days after the date of this Agreement unless they are an integral part of the Boat. These excludable items, however, must be identified in writing for you or any appropriate court officer before any duly noticed resale of the Boat.

7. **Preferred Ship Mortgage.** [X] If this box is checked, the Boat is eligible for federal documentation and, in addition to the protection given to you under this Agreement, I have given you a Preferred Ship Mortgage on the Boat (the "Mortgage") to protect you from possible losses which might result if I do not keep the promises which I make in this Agreement.

8. **Default.** I will be in default if any payment or any other sum is not paid when due, or if the prospect of payment, performance or your ability to realize upon the collateral is significantly impaired, including any one or more of the following: (1) I shall or shall attempt to, without your written permission, (a) remove or allow removal of the Boat for any extended period from the address or addresses where it is customarily berthed or where it is placed in winter storage, as specified in this Agreement, (b) sell, encumber or otherwise dispose of my rights or interest in the Boat, (c) conceal, charter, hire out or let the Boat, or (d) carry passengers in the Boat or hire, or (2) I misuse or abuse the Boat, or use or allow the use, with or without my knowledge, of the Boat in connection with any illegal undertaking or for any purpose in violation of U.S. Coast Guard regulations or for any purpose other than those permitted by any license on the Boat issued by government authority; or (3) receivership or insolvency proceedings or any assignment for the benefit of creditors shall be instituted by or against me; or (4) the Boat shall be arrested, attached, levied upon, seized in any legal proceeding, or held by any virtue of any lien or distress, or any notice or claim of lien on the Boat is filed with the U.S. Coast Guard; or (5) I die; or (6) any taxes and assessments upon the boat or its use are not paid promptly; or (7) the Boat is damaged such that the value of your collateral is diminished and permitted to remain damaged for one month after the occurrence or accident causing the damage; or (8) the Boat is not kept suitably insured; or (9) I fail to permit inspection of the Boat or any relevant document; or (10) if the Boat is eligible for federal documentation, I fail to execute and deliver to you any documents, applications, or affidavits, complete any marking requirements, surrender any documents, or take any other action necessary or desired by you to have the Boat documented under the laws of the United States, to maintain the status of the Boat as a documented vessel of the United States, to complete the execution, recordation, and endorsement of the Mortgage and to maintain the preferred mortgage status of the Mortgage on the Boat; or (11) any security interest in your favor is not perfected or does not remain perfected for the term of this Agreement in each jurisdiction in which you now or hereafter require your security interest to be perfected due to action or inaction on my part; or (12) I breach any other warranty or fail to meet any other obligations set forth in this Agreement; or (13) any promise made in this Agreement or in the Mortgage or other security agreement effective now or in the future is broken; or (14) I interfere or otherwise fail to fully cooperate with you with respect to completing and obtaining such federal documentation of, and the Mortgage on, the Boat, or perfection of any security interest, as you reasonably may require; or (15) I allow any liens on the Boat to remain unsatisfied for more than 30 days.

9. **Remedies Upon Default.** If this Agreement is in default, following any notices required by law, you may require that my unpaid balance, including interest and other charges and fees due under the Agreement (and not just amounts in default), be paid immediately. If this Agreement is in default and you are not immediately paid all amounts due under this Agreement, you may: demand that I deliver the Boat to you; repossess the Boat; foreclose on the Boat under applicable law; set off my liability on this Agreement against any of my

HC #11291-MARINE Multi-State (9/03)                                         PAGE 2 of 6

deposits or property held by you or any of your affiliates (except for 401k and IRA accounts); or pursue any other remedy you have under applicable law and following any notices to me required by applicable law. Your remedies set forth in the previous two sentences shall be subject to any applicable cure period required by applicable law. To the extent permitted by applicable law, I will pay all collection costs and expenses, including your actual and reasonable costs of enforcement and collection of any amount due and payable under this Agreement and all actual and reasonable costs and expenses of retaking, storing, preparing for sale or selling the Boat. Such collection costs and expenses shall also include reasonable attorneys' fees to the extent permitted by applicable law, including any such fees arising due to a bankruptcy filing by or against me. Delivery of the Boat to you or repossession of the Boat or any other legal remedy you take shall not relieve me of my obligation to pay any deficiency which may arise upon the subsequent sale of the Boat to the full extent permitted under applicable state law.

10. **Repossession and Resale Upon Default.** In the event of default, I agree that you may, if permitted by law, with or without legal process or judicial decree and with or without previous notice or demand for performance, enter any premises where the Boat may be located and take possession of it, together with anything in or on the Boat. However, nothing herein gives you any right to enter unlawfully upon any premises. Upon my return of the Boat to you or your repossession of it, you shall have the remedies provided by applicable state or federal law. The proceeds of any sale or other disposition shall be applied, except as otherwise required by law: (1) to the actual and reasonable cost of the sale; (2) to the actual and reasonable cost of retaking, preparing for sale and storage and (3) to any amounts I owe under the Agreement, including delinquency and collection charges, and attorney's fees as provided for in this Agreement. Any remaining proceeds shall be paid to me or otherwise as provided by law. I shall be liable for any deficiency to the extent not limited by applicable state law.

11. **Risk of Loss.** At all times I shall bear the risk of loss of, damage to, or destruction of the Boat; and any such loss, damage or destruction shall not release me from my obligations under this Agreement.

12. **Insurance and Notice of Loss.** Until this Agreement is fully paid, I will maintain a yacht insurance policy issued by a licensed insurer covering the Boat for hull and machinery damage in an amount reasonably satisfactory to you, but not less than the outstanding principal balance payable under this Agreement (except as otherwise restricted by law) and liability to others in an amount as reasonably may be satisfactory to you, and Harbor Workers and Longshoreman's Compensation at the statutory maximum. I may choose any insurer reasonably acceptable to you to provide this insurance. I may substitute a new insurer that is acceptable to you at any time, and I will notify you if I do. I must insure against the risks of: (i) fire, theft and collision; (ii) water and weather condition damage; and (iii) such other hazards as you may reasonably require. The insurance must protect you and me and must be written for at least a year at a time. I must pay the premium in advance before each policy period begins and give you proof of payment. You may sign any proof of loss and endorse any check, draft or other form of payment issued by the insurer or its agent as a loss payment. If at any time before this Agreement is fully paid, such insurance lapses or is canceled, you may buy replacement coverage protecting you and me or, if permitted by law, you alone. I will pay the premiums for such coverage at your request with interest at the interest rate shown in this Agreement. I understand that any replacement coverage you provide may be more expensive and provide less coverage than insurance that I can obtain on my own. I will notify you as soon as possible if the Boat becomes damaged or is destroyed or disappears.

13. **Use of the Boat.** I will not sell the Boat, pledge it as security for another loan, give it away, lease it or otherwise use it for other than personal use without your written permission. I will use the Boat only for personal, family or household purposes. I will not use the Boat to carry passengers for hire, permit its use for any illegal purposes or let anyone seize it. I will not allow anyone to put a lien on the Boat, except for your security interest. I will not take the Boat to another country without your written permission. If you permit me to take the Boat to another country, I will comply with the laws of such country and with any treaty between the United States and such country. Unless I violate this Agreement and you repossess the Boat, I may retain possession and use of the Boat.

14. **Location of the Boat.** I will not, without your prior written approval, move the Boat from the summer mooring or winter storage locations specified above other than for trips with the intent of returning. I will provide you with prior written notice of any proposed permanent change of location of the Boat or change of my residence. I will not abandon the Boat.

15. **My Duties Concerning the Boat.** I will keep the Boat seaworthy and in good condition and repair. I shall pay when due any repair bills, storage bills, taxes, fines or other charges on the Boat. You may pay any of these bills, if I do not. If you do, I will repay to you the amount of such bills on demand, with interest at the interest rate shown in the Agreement or at such lesser rate as may be required by law. I will display on the Boat whenever it is in operation a certificate of number, registration certificate or yacht validation sticker for the Boat, as required by any applicable state law.

16. **Government Seizure.** I will notify you promptly by telephone confirmed by fax or overnight delivery if the Boat is attached, detained, seized or levied upon or taken into custody by any court or other authority, and I will immediately take steps to have the Boat released. If the Boat is arrested or detained by any government authority, unless prohibited by applicable law, I authorize you or your agents in my name to receive or take possession of the Boat and defend any action and/or discharge any lien.

17. **Inspection of Boat, Documents.** Within 10 days after receipt of a request from you, I shall make available, within the county or city of my residence or some other place as may be agreed upon by you and me for inspection by you or your agent of the Boat and any relevant certificate of title, license, certificate of documentation or other vessel document, ship mortgage, policy of insurance or other document pertaining to the Boat and/or your security interest in it.

18. **Further Assurances.** From time to time I will sign and deliver to you any document and assurances you may require to maintain the priority of your security interest in the Boat and to help you resell the Boat in the event it becomes necessary for you to repossess it. I will also take all measures required to file and maintain perfection of your security interest in the Boat.

19. **Obligations of Persons Under This Agreement.** If more than one person signs this Agreement, each person is jointly and severally obligated to keep all promises in this Agreement, including the promise to pay the full amount owed. Any guarantor is also obligated to do these things. You may enforce your rights under this Agreement against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Agreement. You may give one Borrower extensions to pay or change or release his or her responsibility without releasing any co-Borrower in the same way. Each

person who signs this Agreement as an Other Owner agrees to all the terms and provisions of this Agreement, including the agreement to arbitrate disputes, but not including those provisions relating to the repayment of the debt. An Other Owner agrees that such Other Owner's interest in the Boat is granted as security for the repayment by the person or persons obligated to repay the debt.

20. **No Prior Liens.** I lawfully own and possess the Boat free from all prior liens and encumbrances, except for your lien. I warrant title to the Boat. This means that I am responsible for your expenses or losses if anyone other than you successfully claims an interest in part or all of the Boat.

21. **Time Is of the Essence.** Time is of the essence. This means that all required payments must be made on the day due and all other obligations must be performed on time. If I require additional time to make a payment or perform any other obligation, I understand that I must obtain your approval in writing in advance for making a late payment or rendering any other late performance, and that you are not required to give such approval.

22. **Waivers.** You may delay enforcing any of your rights or elect not to enforce your rights without losing any of them. I and any other person who has obligations under this Agreement waive the rights of presentment and notice of dishonor. "Presentment" means the right to require you to demand payment of amounts due. "Notice of dishonor" means the right to require you to give notice that amounts due have not been paid.

23. **Governing Law.** Except to the extent preempted by federal law, including where applicable, 46 U.S.C.A. §31322(b) governing loans secured by preferred ship's mortgages, this Agreement is governed by the laws of the State of Rhode Island. I understand that you are a Rhode Island chartered banking corporation, that your principal place of business is Rhode Island, and that this Agreement will not be effective until accepted by you at your place of business in Rhode Island.

24. **ARBITRATION.** Upon the demand of either party, any action, dispute, claim or controversy of any kind arising out of, pertaining to or in connection with this Agreement (including without limitation issues regarding the enforceability of this arbitration provision and issues arising from the application, processing, closing or collection of your loan, and including any disputes regarding information obtained by you from, or reported by you to, others, or any disputes related to insurance purchased, requested or obtained in connection with this Agreement) shall be resolved by binding arbitration according to the rules of either the National Arbitration Forum, J-A-M-S/Endispute, or the American Arbitration Association. I have the right to select which of these arbitration forums to use, but if I do not make a timely selection, you may choose one. Any arbitration under this provision shall be conducted within the federal judicial district in which I live or at another location mutually acceptable to us. Judgment upon an arbitration award may be entered in any court having jurisdiction. A demand for arbitration may be made both before or after the institution of any legal proceeding. However, any demand made following the initiation of a legal proceeding must be made within 90 days following the service of a complaint, third party complaint, cross-claim or counterclaim or any answer thereto or any amendment to any of the above. This agreement to arbitrate controversies and claims includes disputes between me and your agents, contractors, employees, officers or assignees. This arbitration provision shall not limit the right of any party to this Agreement to exercise self-help remedies such as setoff or repossession and sale of the Boat upon default. No class action arbitration may be ordered pursuant to this arbitration provision and there shall be no joinder of parties, except for joinder of the parties to this Agreement. This arbitration provision shall be interpreted under the Federal Arbitration Act and shall survive the termination of this Agreement.

25. **Miscellaneous.** If any provision of this Agreement cannot be enforced, the rest of the Agreement will stay in effect. No amendment of this Agreement will be valid unless in writing and signed by both Lender and Borrower. Lender's rights hereunder shall inure to the benefit of its successors and assigns, and Borrower's obligations hereunder shall be binding upon Borrower's heirs, personal representatives and assigns.

The following NOTICE applies to transactions governed by 16 C.F.R. 433.1 et.seq.:
NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

DUE TO THE PASSAGE OF THE "USA PATRIOT ACT" WE ARE REQUIRED TO NOTIFY OUR CUSTOMERS OF THE FOLLOWING:

VERIFICATION OF CUSTOMER IDENTITY – Federal laws and regulations require us to request information from you prior to opening an account or adding an additional signatory to an account. The information we request may vary depending on the circumstances, but at a minimum, will include your name, address, an identification number such as your social security or taxpayer identification number, and for individuals, your date of birth. We are also required to verify the information you provide to us. This verification process may require you to provide us with supporting documentation that we deem appropriate. We may also seek to verify the information by other means. We reserve the right to request additional information and/or signatures from you from time to time. In all cases, the protection of our customer's identity and confidentiality is our pledge to you.

NOTICE TO CONSUMER:   1. Do not sign this agreement before you read it.
                      2. You are entitled to a copy of this agreement.

I agree to the terms of and acknowledge receipt of a completed copy of this Agreement and a copy of the Citizens Financial Group, Inc. Privacy Notice.

Everything that I have stated in this agreement is correct to the best of my/our knowledge. I have received and read the agreement, which includes, as applicable, for CA residents, California Cosigner Notice; for FL residents, Insurance Anti-Coercion Statement; for IL residents, Collateral Insurance Notice; for NM residents, Required Insurance Notice; for NY residents, New York Cosigner Notice; for OR residents, Warning Notice Regarding Purchase of Insurance by Lender; for WA residents, Warning Notice Regarding Purchase of Insurance by Lender; or for WV residents, Collateral Insurance Notice.

If I sign this Note in Rhode Island: This is a non-negotiable consumer note.

[Signature page to follow]

HC #11291-MARINE Multi-State (9/03)                                          PAGE 4 of 6

X _____(SEAL)       _____(SEAL)
Borrower - William C. Vassell                 Borrower –
                                   OTHER OWNER(S)

I/We grant you a security interest in the Boat and agree to all of the terms and conditions of this Agreement, including the agreement to arbitrate disputes, but not including the provisions relating to the repayment of the debt.

_____(SEAL)         _____(SEAL)
Other Owner -                                 Other Owner –

## GUARANTY

The undersigned hereby guarantee the repayment of all amounts that may become due under the foregoing Note and Security Agreement (the "Note"), including all costs of collection, in the same manner as if I/we signed the Note as the Borrower. You do not have to notify me/us if any payments have not been made or if anyone signing the Note has defaulted. You may renew or extend the Note or require its payment in full without giving me/us any notice. You may also release or substitute any property securing this Note without giving me/us any notice. You do not have to sue the persons signing the Note or sell any property securing the Note before collecting from me/us under this Guaranty.

If more than one person signs this Guaranty, each shall be jointly and severally obligated hereunder.

_____(SEAL)         _____(SEAL)
Guarantor -              (Date)               Guarantor –              (Date)
Address: _____        Address: _____

**Arizona Special Notice (if this Note is executed by a Arizona resident):**
NOTICE: BY GIVING YOU A SECURITY INTEREST IN THE BOAT, I WAIVE ALL RIGHTS PROVIDED BY LAW TO CLAIM SUCH GOODS EXEMPT FROM LEGAL PROCESS.

**Florida Special Notice (if this Note is executed by a Florida resident):**
Florida documentary stamp tax in the amount required by law has been paid or will be paid directly to the Department of Revenue.

**Massachusetts Special Notice (if this Note is executed by a Massachusetts resident):**
Notwithstanding the provision provisions of paragraph 8 to the contrary, I will be in default hereunder only if (i) I fail to make one or more payments required hereunder, or (ii) an event occurs which substantially impairs the value of the collateral.

**Michigan Special Disclosure (if this Note is executed by a Michigan resident):** If insurance lapses or is canceled and you buy replacement insurance coverage, you will let me know and the charge I must pay. The amount I must pay will be the premium for the insurance and a finance charge at the Annual Percentage Rate shown on the Note. If I fail to pay you, and if permitted by law, you may add the charge to the balance owing under the Note. You may increase the amount of my scheduled payment in order to amortize the charge by the time my final payment is due. As an alternative and, if I specifically agree, I may have a larger or balloon final payment, or the date of the final payment may be extended.

**New Hampshire Special Notice (if this Note is executed by a New Hampshire resident):**
Notwithstanding the provisions of paragraph 9 of this Note, if I prevail in any action, suit or proceeding you bring or in an action I bring, reasonable attorneys' fees shall be awarded to me. Further, if I successfully assert a partial defense, setoff, recoupment or counterclaim to an action brought by you, the court may withhold from you the entire amount or such portion of the attorneys' fees as the court deems appropriate.

**South Carolina Special Notice (if this Note is executed by a South Carolina resident):**
The arbitration agreement in paragraph 24 of this Note is **not** governed by the South Carolina Uniform Arbitration Act.

**Tennessee Special Disclosure (if this Note is executed by a Tennessee resident):**
IF I FAIL TO MAINTAIN THE REQUIRED INSURANCE ON THE BOAT, I HEREBY AUTHORIZE YOU TO BUY SUBSTANTIALLY SIMILAR COVERAGE AT MY EXPENSE AS DESCRIBED IN PARAGRAPH 12 OF THIS NOTE.

**Texas Special Disclosure (if this Note is executed by a Texas resident):**
I am required to keep the Boat insured against loss or damage to the Boat with a policy in my name that is acceptable to you. I may purchase the insurance from an insurer that is authorized to do business in Texas or an eligible surplus lines insurer. The insurance must name you as the person to be paid under the policy in the event of a loss. If you so require, I must deliver to you a copy of the policy and proof of the payment of premiums. If I fail to meet any of these requirements, you may obtain collateral protection insurance on my behalf and at my expense, as described in paragraph 12 of this Note.