UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>    v.<br><br>MURDOCH SECURITY & INVESTIGATIONS, INC., ROBERT GOLDSTEIN, and WILLIAM VASSELL,<br><br>       Defendants. | Civil No. 11-cv-7076 (JGK) |

## MOTION TO APPOINT A TAX ADMINISTRATOR

  Plaintiff Securities and Exchange Commission ("SEC" or "Commission") respectfully requests that the Court enter an Order appointing Damasco & Associates LLP, a certified public accounting firm located in Half Moon Bay, California, as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to funds under the Court's jurisdiction in this case.

  On February 17, 2012, the Commission filed an Amended Complaint,[1] alleging, *inter alia*, that Defendants Murdoch Security & Investigations, Inc. ("MSI"), Robert Goldstein ("Goldstein"), and William Vassell ("Vassell") provided investors with a wide array of false and otherwise misleading information in an effort to sell unregistered MSI securities promising investors payment of principal plus 22% interest per year and equity shares in MSI.

---

[1] The initial complaint was filed on October 7, 2011.

On November 15, 2012, the Court entered Final Judgments against Goldstein and Vassell.[2]  Goldstein was ordered to pay $750,000 in disgorgement within 548 days to the New York County District Attorney's Office (the "District Attorney's Office") pursuant to an order of forfeiture entered against Goldstein in a related criminal case.  Upon receipt of the payment, the District Attorney's Office was ordered to remit the funds to the Clerk of this Court for deposit with the Court Registry Investment System ("CRIS").  These funds were deposited into the CRIS on October 10, 2013.  Vassell was ordered to pay $86,500 in disgorgement, $1,000 in prejudgment interest and a $20,000 civil penalty for a total of $107,500 to the Clerk of this Court for deposit into the CRIS.  Vassell has not made any payments to date.

In total, the Defendants were ordered to pay a total of $857,500.  To date, $750,000 has been paid to the Court (the "Distribution Fund").

The Distribution Fund constitutes a Qualified Settlement Fund ("QSF") under section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5.  A Tax Administrator, on behalf of the Distribution Fund, should be appointed and authorized to take all necessary steps to enable the Distribution Fund to obtain and maintain the status of a taxable QSF, including the filing of all required elections and statements contemplated by those provisions.  The Tax Administrator would cause the Distribution Fund to pay taxes in a manner consistent with treatment of the Distribution Fund as a QSF.  The reasonable costs, fees, and other expenses incurred in the performance of the Tax Administrator's duties would be paid by the Distribution Fund in accordance with the agreement between the Commission and the Tax Administrator.

---

[2] A final judgment was not entered against MSI.  Instead, the Commission voluntarily dismissed its claims on December 14, 2012 after MSI filed for bankruptcy pursuant to Chapter 7 of the U.S. Bankruptcy code.

In summary, the current agreement with Damasco & Associates LLP provides for compensation for services and expenses as follows:

| SERVICE | FIXED FEE |
|---|---|
| Income tax returns, including items 1-6 (below). | $1800 |
| Income tax returns, including items 1-6 (below), for funds with assets of $120,000 or less or that are open and closed within the same year. | $850 |
| Loss Carryback (claim for refund) returns. | $500 |

Fixed fee tax compliance services include:[3]

1. Obtain a federal tax identification number ("FEIN") for the QSF.
2. Prepare and file federal and state income tax returns, as required.
3. Where required, calculate quarterly estimated tax payments and provide information to the Commission and Court so that payments may be made timely.
4. Make arrangements with the SEC or its agents to pay tax liability.
5. Calculate and recommend retention of a reserve for penalties and interest to be assessed as a result of any late filing of tax returns and late payment of taxes.
6. Determine and comply with information reporting obligations of the QSF for payments to vendors.

**WHEREFORE**, for all the foregoing reasons, the Commission respectfully requests that this Court enter the Proposed Order and grant such other relief as the Court deems just and proper.

---

[3] These fixed fees include all copying expenses, and any internal expenses of the Tax Administrator in performing these services such as facsimile fees and telephone charges. Expenses that are not included are postage, expedited delivery fees (such as Federal Express), and other extraordinary costs, such as extended telephone conferences and reports. Additional tax compliance services and services for the administration of the QSF would be provided at the Commission's request and billed at the Tax Administrator's current rates discounted by 20%.

Dated: July 16, 2014               Respectfully submitted,

                                                /s/ Nancy Chase Burton
Nancy Chase Burton
Michael Lim
Securities and Exchange Commission
100 F Street, N.E., Mail Stop 5631
Washington, D.C. 20549-5631
Phone: (202) 551-4425 (Burton)
Fax: (703) 813-9730 (Burton)
E-mail: burtonn@sec.gov
E-mail: limm@sec.gov
Attorneys for Plaintiff