# **EXHIBIT A**

DECLARATION OF DANIEL J. MAROTTO OF KCC LLC REGARDING THE
RESIDUAL DISTRIBUTION TO HARMED INVESTORS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MURDOCH SECURITY & INVESTIGATIONS, INC., ROBERT GOLDSTEIN, and WILLIAM VASSELL,<br><br>Defendants. | Case No. 11-CV-7076 (JGK) |

**AFFIDAVIT OF DANIEL J. MAROTTO OF KCC LLC REGARDING THE RESIDUAL DISTRIBUTION TO HARMED INVESTORS**

I, Daniel J. Marotto, hereby declare as follows:

1. I submit this affidavit ("Affidavit") to provide the Court with information regarding the proposed residual distribution to Harmed Investors. I am over 21 years of age and am not a party to this action. This Affidavit is based on my personal knowledge as well as reliable information provided to me by my colleagues and the United States Securities and Exchange Commission ("SEC"). If called to testify regarding the facts in this Affidavit, I could do so competently.

2. I am employed as a Senior Vice President by KCC LLC ("KCC"), located at 3301 Kerner Blvd., San Rafael, California. I am overseeing the administration services KCC has provided in accordance with the Order Approving the Distribution Plan (the "Order") (Dkt. No. 73) that the Court issued in this matter.

3. KCC has been appointed by the Court as the Distribution Agent of the Fair Fund established in this matter ("SEC v. Murdoch Security Investigations"), consisting of the disgorgement, prejudgment interest, and civil penalty paid by the Defendant in this action of $750,000 less any taxes and fees.

4. I submit this Affidavit in order to provide the Court with information regarding the distribution results to date, to review Harmed Investor search efforts, and the proposed procedure to distribute the balance of Net Fair Fund.

5. In accordance with the Order to Establish Fair Fund and Appoint a Distribution Agent (Dkt. No. 64), beginning in September of 2016, KCC distributed the Net Available Fund ("NAF") to Harmed Investors, which consisted of 74 checks totaling $470,345.81 or approximately 66.77% of the NAF. As of this affidavit, 71 distribution checks have been cashed, representing a total of $469,646.13 or approximately 99.85% of the initial distribution; and, after the outreach efforts described below, three distribution checks remain outstanding representing $699.68. No addresses were identified for nineteen Harmed Investors. This group of Harmed Investors was allocated $234,082 of the NAF at the time of

1

the initial distribution calculation. The sum total of uncashed checks from the initial distribution and the NAF allocated to unidentified Harmed Investors is approximately $234,781.

6. Since May of 2015, KCC has undertaken additional efforts to identify the contact information associated with Harmed Investors that did not have an address and to assist Harmed Investors with outstanding checks that exceeded the check stale date; including: (a) mailing confirmation outreach letters to the Harmed Investors that were identified during a name and address search; (b) reviewing and amending address information for checks that were returned by the US Postal Service for incomplete or not current addresses; (c) mailing notice outreach letters to both the address on file and to any additional address(es) provided by the SEC; (d) sending an email to the identified unique email addresses advising Harmed Investors of their outstanding check; (e) identifying phone numbers for and calling harmed investors who had not yet cashed their checks; (f) completing an obituary search by researching geology, possible legacy connections, and local media archives; and (g) researching court records for an appointed executorship, court records of the deceased individual and probate or a small estate affidavit. In addition KCC advised Harmed Investors on how to request a reissue for misplaced or stale dated checks.

7. A total of three outreach letters were sent to the Harmed Investors who did not cash their checks and the letters were returned without a forwarding address. Using a third-party database, KCC located an additional possible alternative address for one of those Harmed Investors and proactively reissued their distribution payment to the alternative address that was found. The remaining two investors are confirmed deceased and the estates are closed with no known successor identifying party.

8. As a result of the outreach efforts described above, of the three distribution checks that remained outstanding as of May 16, 2018, KCC has processed a total of eleven reissue requests that have cashed representing $73,944.24.

9. Assuming all recently issued and reissued checks that remain un-cashed, a reserve of $8,500 for tax liability incurred, and tax and administration services, there will be approximately $225,000.00 remaining to redistribute to Harmed Investors.

10. If the Court approves the estimated tax liabilities, and checks expected to negotiate are segregated and reserved, KCC will distribute the net remaining funds to the 71 Harmed Investors that have cashed their distribution checks. KCC is prepared to make the proposed redistribution within two weeks of this Court ordering that it proceed.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Affidavit was executed this 23rd day of October, 2018, San Rafael, California.

FURTHER, AFFIANT SAYETH NOT.

_____
Daniel J. Marotto

State of California

County of Marin

SUBSCRIBED AND SWORN TO before me on this 23rd day of October 2018 by:

_Daniel J. Marotto_____, proved to me on the basis of satisfactory evidence to be the person who appeared before me. _____
Notary Public

My Commission Expires:

CHERYL M. WASHINGTON
COMM. #2120267
Notary Public · California
Solano County
My Comm. Expires July 20, 2019

3